

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

October 29, 2025

**VIA ECF**
The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *Urban Justice Center-Safety Net Project (UJC-SNP), et al. v. Brooke Rollins,*
            25-cv-8869 (NRB)

Dear Judge Buchwald:

      This Office represents Brooke Rollins, Secretary of the United States Department of Agriculture (the "Government") in the above-referenced matter. In accordance with Rule 2.C.1 of the Court's Individual Practices, we write respectfully to outline the arguments advanced by the Government in opposition to Plaintiffs' motion for a temporary restraining order, preliminary injunction, and class certification. *See* Government's Memorandum of Law in Opposition ("Gov. Br."), ECF No. 18.

## I. Background

      In July 2025, Congress repealed the provision of the Food and Nutrition Act of 2008 that gave the Secretary of the United States Department of Agriculture ("USDA") authority to approve requests from states for waivers of certain federal work requirements as part of the Supplemental Nutrition Assistance Program ("SNAP"). Gov. Br. at 4. As a result, on October 3, 2025, the Government informed New York State that its existing waiver, which had previously been set to expire on February 28, 2026, would be terminated on November 2, 2025, because it no longer had a permissible statutory basis.

      Plaintiffs, an individual SNAP benefit recipient and an organization that supports low-income New Yorkers, filed this putative class action asserting claims under the Administrative Procedure Act ("APA") to challenge that termination decision, and they seek a temporary restraining order and preliminary injunction enjoining termination of the waiver. ECF Nos. 1, 3. They also seek to certify a class consisting of all New York City SNAP benefit recipients who are classified as able-bodied adults without dependents ("ABAWD") who will become subject to federal work requirements as a result of the termination of the waiver. *Id.*

## II. Arguments

### A. The Court Should Deny Plaintiffs' Request for Injunctive Relief

      As detailed in the Government's opposition brief, Plaintiffs are not entitled to the extraordinary relief they seek because they fail to establish that: (i) they will suffer irreparable harm absent an injunction; (ii) they are likely to succeed on the merits; and (iii) the balance of the equities and public interest weigh in their favor.

*First*, Plaintiffs have not shown that they would suffer irreparable harm absent a preliminary injunction. The harms alleged by Plaintiff Laeticia Miguel stemming from early termination of New York State's ABAWD waiver are speculative at best. *See* Gov. Br. at 8-10. The earliest that an ABAWD could lose SNAP benefits as a result of the USDA's termination of the waiver is March 1, 2026. *Id.* 8-9. Plaintiffs ask the Court to assume, without evidence, that Ms. Miguel (and others like her) will not be able to find any employment between now and March 1, 2026, or be able to obtain another exemption from ABAWD work requirements from the New York City office that administers SNAP benefits. *Id.* This is insufficient to establish that the likelihood of harm is actual and imminent. Further, even if the Court were to credit Plaintiffs' speculative assertions, Plaintiffs' injuries are not truly irreparable, as they can be remedied with a court order after the issues in this case are decided on the merits. *See id.* 9-10. The alleged harms to the named organizational Plaintiff Urban Justice Center-Safety Net Project ("UJC-SNP") are equally deficient. UJC-SNP fails to explain how an accelerated timeline for the waiver's expiration (November 2, 2025, rather than February 28, 2026), will cause it harm. *Id.* at 10. Because neither Ms. Miguel nor UJC-SNP have demonstrated that they will suffer irreparable harm in the absence of injunctive relief, the Court should deny Plaintiffs' motion for a TRO and/or a preliminary injunction on this basis alone. *Id.* at 10-11

*Second*, Plaintiffs are unlikely to succeed on the merits of their claims. As an initial matter, Plaintiffs lack standing to bring their claims. *Id.* at 11-14. The alleged harms to Plaintiffs are speculative at best and insufficient to meet Plaintiffs' burden of establishing a cognizable injury that is traceable to the decision to terminate the waiver. *Id.* Moreover, even if Plaintiffs could overcome the threshold standing issue, they are unlikely to succeed in establishing that the decision to terminate the waiver was arbitrary, capricious, or otherwise not in accordance with law. *Id.* at 14-15. Despite Plaintiffs' claims that USDA lacked authority to terminate the waiver, the relevant statutory provisions provide that the Secretary has discretion to waive the applicability of the relevant SNAP work requirements where certain statutory criteria are met. 7 U.S.C. § 2015(4)(A) (emphasis added); *see also* 7 C.F.R. § 272.24(f). Further, contrary to Plaintiffs' assertion, the Government provided a rational justification for terminating the waiver: the statutory basis of the waiver had been repealed by Congress, and as such, it is no longer permissible. *See* Gov. Br. at 15. This reasonable determination was entirely in accordance with the law.

*Third*, the balance of the equities and public interest weigh strongly against granting injunctive relief. The requirement that New York ABAWDs comply with statutory requirements for SNAP benefits is not a harm. *Id.* at 15-16. Rather, the public interest weighs in favor of implementation of statutory requirements duly promulgated by Congress to support the public welfare. *Id.*

Accordingly, the Court should deny Plaintiffs' request for either a TRO or preliminary injunction.

### B. The Court Should Deny Plaintiffs' Request for Class Certification

Plaintiffs also fail to meet their affirmative burden for certification of a class. In particular, Plaintiffs fail to meet their burden in establishing: (i) the implied requirement of ascertainability of the proposed class; (ii) commonality, typicality, and adequacy as required by Federal Rule of Civil Procedure 23(a); and (iii) the requirements set forth in Federal Rule of Civil Procedure 23(b)(2).

*First*, Plaintiffs' proposed class definition does not meet the implied requirement of ascertainability, which requires that membership be readily identifiable. *See id.* at 18-19. Plaintiffs define the class as "all New York City SNAP recipients who are classified as ABAWD pursuant to USDA regulations who will become subject to ABAWD work requirements effective November 2, 2025." Plaintiffs' Brief, ECF No. 3, at 21. However, this definition includes individuals whose membership status would require individual inquiries. As Plaintiffs acknowledge, many members of the proposed class are likely to be confused about their status as an ABAWD. *See* Gov. Br. at 18-19 (citing Declaration of Helen Strom, ECF No. 3-1, ¶¶ 12,14). This ambiguity underscores the indefinite nature of the proposed class. *Id.*

*Second*, Plaintiffs fail to meet their burden of establishing commonality, typicality, and adequacy of representation, as is required under Rule 23(a). *Id.* at 19-21. The variations within the members of the proposed class undermine Plaintiffs' assertion of commonality and typicality. Moreover, Plaintiffs have failed to establish, by a preponderance of the evidence, that Ms. Miguel possesses the same interests and has suffered the same injury as the other class members. *Id.* at 20. Indeed, Ms. Miguel may very well be exempt from ABAWD's work requirements, and if so, it is not clear she will suffer any injury as a result of the USDA's decision. *Id.* at 21.

*Third*, Plaintiffs also fail to establish the requirements of Rule 23(b)(2). Under this rule, "if the proposed class includes members who are not at risk of injury [as a result of the challenged conduct], then injunctive relief sought on behalf of the class as a whole under rule 23(b)(2) would be inappropriate." *Greater Chautauqua Federal Credit Union v. Quattrone*, No. 22 Civ. 2753 (MKV), 2025 WL 869729, at *12 (S.D.N.Y. Mar. 20, 2025). As discussed, the proposed class includes members, like Ms. Miguel, who may not actually be injured as a result of the USDA's waiver termination. *See* Gov. Br. at 21-22. Accordingly, Plaintiffs cannot satisfy the inquiry under Rule 23(b)(2) for class ceritification.

We thank the Court for its consideration of this letter.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   */s/ Mollie Kornreich*
MOLLIE KORNREICH
REBECCA L. SALK
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-3274/2614

cc: Counsel of Record
    (VIA ECF)