**THE LEGAL AID SOCIETY CIVIL**

Law Reform Unit
49 Thomas Street, 5th Floor
New York, NY 10013
email address
phone number

Alan Levine
*President*

Twyla Carter
*Attorney-in-Chief*
*Chief Executive Officer*

Adriene L. Holder
*Chief Attorney*
Civil Practice

Judith Goldiner
*Attorney in Charge*
Law Reform Unit

October 29, 2025

Hon. Naomi Reice Buchwald
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Urban Justice Center – Safety Net Project (UJC-SNP), et al. v. Rollins,* 25-cv-8869

Dear Judge Buchwald:

Pursuant to Section 2.C.1 of the Court's Individual Practice Rules, Plaintiffs submit this summary of the arguments presented in their Memorandum of Law in support of their motion for a Preliminary Injunction, docket no. 21.[1]

Federal law requires recipients of benefits under the Supplemental Nutrition Assistance Program (SNAP) who are classified as Able Bodied Adults without Dependents (ABAWD) to comply with certain work requirements. See 7 CFR 273.24. However, prior to July 2025, states were permitted to apply for waivers of these requirements on the grounds that insufficient jobs were available in the local economy. New York was granted such a waiver in October 2024, and the waiver was due to expire at the end of February 2026. New York had accordingly been preparing for the reintroduction of work requirements in February 2026. However, on October 3, 2025, USDA abruptly issued a memo purporting to terminate all "insufficient jobs" waivers effective November 2, leaving New York State and City agencies only 30 days to implement federal work rules and time limits instead of 120 days.

The within declaration of Molly Wasow Park, Commissioner of the NYC Department of Social Services, attests that USDA's precipitate action will pose substantial obstacles for DSS, which must send notice to 100,000 individuals classified as ABAWDs, and schedule them for appointments where they will be screened for exemptions or referred to work assignments, all in a 30 day period. See Docket No. 3. SNAP recipients who do not receive or understand the notices, or who cannot attend the scheduled appointments, will be considered noncompliant with SNAP rules as of December and begin accruing "countable months." Three countable months will disqualify them from receiving benefits as of March 1, 2026.

---

[1] Plaintiffs' Memorandum was timely served on Defendants and their counsel but inadvertently omitted from the docket. Plaintiffs apologize to the court for this oversight.

**Justice in Every Borough.**

1. <u>Plaintiffs have a likelihood of success on the merits of their claims</u>

Courts shall "hold unlawful and set aside agency action" that is "in excess of statutory ... authority." 5 U.S.C. § 706(2)(C).  Nothing in federal law authorizes USDA to terminate waivers of previously granted ABAWD work requirements prior to their scheduled expiration.  Section 273.24 sets out rules for waivers in detail, but does not provide for early termination.  HR 1 of 2025, enacted in July 2025, restricted the grounds upon which *future* waivers can be granted, but said nothing about termination of existing waivers.  Statutes, moreover, are presumed prospective unless their clear language indicates retroactive intent.  *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). Finally, nothing in the terms of New York's existing waiver provides for its early termination.

USDA also violated the APA by failing to provide a reasoned explanation for its actions or to consider important aspects of the problem. USDA did not explain why it would further the purposes of the SNAP Act or HR 1 to shorten by three months the natural expiration of the waiver, converting what would have been an orderly process into a chaotic one, and subjecting 100,000 indigent SNAP recipients to confusion, uncertainty and a likelihood of administrative error as well as a substantial risk of accruing penalties and losing benefits.

Both individual and organizational plaintiffs have standing to challenge USDA's actions. Urban Justice Center – Safety Net Project has standing under the rulings in *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104 (2d Cir. 2017) and *Nnebe v. Daus*, 644 F.3d 147 (2d Cir. 2011). Laeticia Miguel and members of the class have standing because they are placed at substantially heightened risk of losing essential benefits, as did the plaintiffs in *District of Columbia v United States Dept. of Agriculture*, 444 F.Supp. 3d 1 (D.D.C. 2020).

2. <u>Plaintiffs will experience irremediable harm if a waiver is not granted.</u>

As stated above, individual plaintiffs who are unable to establish exemption from ABAWD requirements, or to arrange a work assignment by November 30 will begin accruing countable months of noncompliance in December and can lose SNAP benefits as early as March. Commissioner Park's declaration makes clear the likelihood that members of the class will not receive the exemptions or work assignments they require: 100,000 class members must be processed by HRA and its contractors in just 16 working days in November, a virtual impossibility.  Even recipients who manage to achieve compliance by February will have accrued countable months permanently on their record, which will place them at risk of future benefit loss.  Plaintiff Laeticia Miguel has been unable to work due to her need to care for her husband, yet has been classified as ABAWD. She is placed at risk of incurring penalties and loss of benefits if she cannot comply with ABAWD rules in just 30 days; but for USDA's action, she would have until February 28 to establish an exemption or seek an appropriate work activity.

Organizational plaintiff Urban Justice Center – Safety Net Project, will suffer irremediable harm because thousands of panicked SNAP recipients, unable to access HRA's overwhelmed systems, will suddenly need to seek advice and support from UJC, over and above their usual client intake, thus straining their resources and diverting staff and funds from the

organizations other priorities.  See, *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104 (2d Cir. 2017).

3. The balance of the equities favors plaintiffs.

As explained above, both individual and organizational plaintiffs will incur the risk of losing essential SNAP benefits and accruing penalties if USDA is not enjoined from prematurely terminating the ABAWD waiver.  USDA, however, will not be harmed if ABAWD work rules go into effect as originally scheduled on February 28, 2026. The SNAP Act clearly intends that exempt SNAP recipients should not be penalized for inability to work, while non-exempt recipients should be encouraged to engage in work activities.  Neither of these goals is served by a rushed and chaotic transition to SNAP work rules and penalties.

4. The court should certify the class proposed by plaintiffs.

Plaintiffs have proposed the certification of a class consisting of "all New York City SNAP recipients who are classified as ABAWD pursuant to USDA regulations who will become subject to ABAWD work requirements effective November 2, 2025, as a result of USDA's October 3 memorandum."  This class, consisting of 100,000 individuals currently coded as ABAWD in HRA's computer system, clearly meets the numerosity requirement, and is readily "ascertainable" as recipients thus coded will receive call-in notices and be required to comply with HRA's ABAWD procedures in the month of November, and all will risk loss of benefits if they cannot establish exemptions or receive work assignments in 16 business days.  The issue of the lawfulness of USDA's early termination of the ABAWD waiver is common to the class, and the circumstances of Laeticia Miguel is typical of the class – indeed her current uncertainty as to her status is common to numerous class members receiving possibly erroneous notices due to HRA's rushed rollout.   The common issues predominate over individual differences among class members.  The relief sought by plaintiffs – a stay of the waiver's expiration until February 28, 2026, will benefit all class members by *reducing the risk* that they will be injured by the abbreviated roll out period.

For all the above reasons, plaintiffs request that their motion be granted in all respects.

Respectfully,

*Edward Josephson*

Edward Josephson
The Legal Aid Society
49 Thomas Street
New York, NY
(212) 298-5221